IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTHONY MATTHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-078 |
| | ) | |
| RICK JACOBS, Clemency & Parole | ) | |
| Director; ANTOINE CALDWELL, Warden; | ) | |
| LAKEISHA FRANKLIN, Deputy Warden of | ) | |
| Care & Treatment; LAMEKA | ) | |
| KENDRICK, Chief Counselor; and | ) | |
| KHALILAH WILLIAMS, Deputy Warden of | ) | |
| Care and Treatment, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Dodge State Prison in Chester, Georgia is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING THE AMENDED COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names Khalilah Williams and Lameka Kendrick as Defendants. (Doc. no. 14, pp. 1, 2, 14.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Defendant Williams "[l]ost and concealed the lost of Plaintiff's grievance appeal form"

dated February 18, 2020, violating Plaintiff's Due Process rights. (Id. at 12-14.) Plaintiff asserts the "grievance appeal form was not forwarded to the office of investigations, compliance or the Ombudsman unit." (Id. at 14.) As a result, Plaintiff was unable to complete the appeal process. (Id. at 16.) Chief Counselor Kendrick was involved. (Id. at 14.) Plaintiff requests injunctive relief, compensatory damages, and release from prison. (Id. at 15.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure

does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff No Longer Brings Any Claims Against Defendants Jacobs, Caldwell, and Franklin

As the Court previously explained, (doc. no. 13, p. 2), Plaintiff's amended complaint supersedes and replaces in its entirety the previous pleadings filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).  Plaintiff originally named Jacobs, Caldwell, and Franklin as Defendants.  (See doc. no. 1.)  However, Plaintiff's amended complaint no longer names them as Defendants, and does not make any allegations associating them with a purported constitutional violation.  (See generally doc. no. 17.)  Dismissal is therefore appropriate.  See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a

3

legal wrong."); West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law).

Furthermore, while Plaintiff no longer lists Chief Counselor Kendrick as a Defendant, liberally construing Plaintiff's amended complaint, Plaintiff mentioned Chief Counselor Kendrick in his statement of claim, and therefore the Court will screen Plaintiff's amended complaint as if she were a party to this case. However, Chief Counselor Kendrick should also be dismissed because the Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas, 535 F.3d at 1321-22. Here, Plaintiff's amended complaint simply states "Lameka Kendrick – Chief Counselor was involved." (Doc. no. 14, p. 14.) Plaintiff's passing reference to Chief Counselor Kendrick's unspecified involvement in his alleged constitutional violation does not suffice to state a claim. As Plaintiff has failed to allege any facts or associate Defendants Jacobs, Caldwell, Franklin, and Kendrick with a constitutional wrong, these Defendants should be dismissed from the case.

### 3. Plaintiff Fails to State a Claim Against Defendant Williams for Failing to Forward His Grievance Appeal

Plaintiff alleges Defendant Williams violated his Due Process rights because she "trashed, lost, [and] concealed" his grievance appeal. (Doc. no. 14, p. 14.) Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*). Thus, any claim Defendant Williams mishandled Plaintiff's grievance appeal or improperly denied a grievance fails to state a claim upon which relief may be granted. See

id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

### 4. Official Capacity Monetary Damages

Plaintiff states he is suing defendants in their individual and official capacities. However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief fail as a matter of law.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of May, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5