IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ANTHONY MATTHEWS,            )
                             )
    Plaintiff,               )
                             )
v.                           )       CV 320-078
                             )
RICK JACOBS, Clemency & Parole )
Director; ANTOINE CALDWELL, Warden; )
LAKEISHA FRANKLIN, Deputy Warden of )
Care & Treatment; LAMEKA     )
KENDRICK, Chief Counselor; and )
KHALILAH WILLIAMS, Deputy Warden of )
Care and Treatment,          )
                             )
    Defendants.              )

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In lieu of objections, Plaintiff requests leave to file a second amended complaint, because all parties named in the original complaint were also intended parties in the first amended complaint. (Doc. no. 17.)

Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend his pleading once as a matter of course within twenty-one days after service. Thereafter, a party may amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely allow amendment. See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) ("Leave to amend

should be freely given . . . .") (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). Further, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279-80 (11th Cir. 1999) (citing Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999)).

In its Order granting Plaintiff's motion for leave to file an amended complaint, the Court explained the amended complaint would supersede and replace in its entirety the previous pleading. (Doc. no. 13, p. 2.) The Court further cautioned Plaintiff that no portion of any prior pleading shall be incorporated into his amended complaint by reference, and the amended complaint should include all claims that he wishes the Court to consider as a basis for awarding the relief sought. (Id. at 3.) Plaintiff now wishes to amend his complaint for a second time, informing the Court he intended to keep all parties in the original complaint as Defendants in the first amended complaint. (Doc. no. 17.) Plaintiff may not amend his complaint in a piecemeal manner by repeatedly submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Therefore, the Court **DENIES** Plaintiff's motion to amend. (Doc. no. 17.) If Plaintiff wishes to proceed

2

with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's amended complaint for failure to state a claim upon which relief may be granted, and **CLOSES** this civil action.

SO ORDERED this 7th day of June, 2021, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE